### THOMPSON and others *vs.* SMITH.

Where the first judge is a *party to the suit,* any other judge of the common pleas who was present at the trial may grant the certificate required by the act of 1836, (*p.* 794, § 2,) to authorize the bringing of a writ of error.

MOTION by the defendant in error to quash a writ of error. The cause originated in a justice's court, but was removed to the common pleas of Franklin county by appeal, where Smith had judgment in his favor. Smith was first judge of that county. A certificate was granted by one of the associate judges, who was present at the trial, under the act of 1836, (*p.* 794,) stating that in his opinion it was a proper case to be carried to the supreme court. Upon this a writ of error was sued out, and this motion is made on the ground that where the first judge was not absent from the county, he alone could make the requisite certificate.

Jermain v. Booth.

*S. H. Hammond,* for the defendant in error.

*P. Gansevoort,* for the plaintiffs in error.

BEARDSLEY, J. denied the motion; holding that for the purpose of this question, there was no first judge of the county; the individual who filled that office being a party to the suit, and therefore wholly incompetent to act as judge in the case.(*a*)

Motion denied.

(*a*) The language of the statute is: " The first judge of such court of common pleas, *or if there be no first judge,* or he shall be absent from his county, then any other judge of such court who was present at the trial or hearing of such cause, may, in his discretion, on application of either party aggrieved by such judgment, at any time within thirty days after the record of judgment shall have been filed, grant a certificate," &c.